[No. 20422.   Department One.   April 22, 1927.]

WARREN YENOR *et al., Respondents.* v. SPOKANE UNITED
RAILWAYS, *Appellant.*[1]

[1] STREET RAILROADS (12, 29)—ACTION FOR INJURIES—COLLISION
WITH CARS—EXCESSIVE SPEED OF STREET CAR—QUESTION FOR
JURY.   Whether a street car was traveling at excessive speed
and whether the motorman was guilty of negligence in striking
an automobile, stalled on the tracks, are questions for the jury,
where there was evidence that the street car was one hundred
feet away when the automobile stalled on the tracks, and the
motorman saw it before it stalled.

[2] SAME (20)—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLI-
GENCE—GUEST OF DRIVER.   A passenger in the back seat of an
automobile is not guilty of contributory negligence in failing
to assist the driver when the car was skidding and beyond the
driver's control.

[3] SAME (24-1)—ACTION FOR INJURIES—ISSUES PROOF AND VARIANCE.
Evidence that an automobile was stalled on street car tracks is
admissible under a complaint alleging that it was beyond the
control of the driver and skidded in the direction of, and upon,
the street car tracks.

[4] NEGLIGENCE (23)—IMPUTED NEGLIGENCE—DRIVER OF AUTOMOBILE.
In an action against a street car company, brought by a guest
riding in an automobile in collision with a street car, it is not
error prejudicial to defendant to give an instruction on the
subject of imputed negligence which would bar a recovery by
one riding as a "companion" of or in a "joint venture" with
the driver.

[5] STREET RAILROADS (31)—OPERATIONS—COLLISION WITH MOTOR
VEHICLE—INSTRUCTIONS.   In an action for personal injuries
sustained in a collision of a street car and an automobile, it is
not error to refuse an argumentative instruction as to the
street car's right of way on its tracks, where the automobile
was beyond control and skidded on the tracks, to the motor-
man's knowledge, who saw the danger, and the instruction
contained no qualification as to that fact.

Appeal from a judgment of the superior court for
Spokane county, Witt, J., entered June 25, 1926, upon
the verdict of a jury in favor of the plaintiffs, in an

[1]Reported in 255 Pac. 947.

action for personal injuries sustained in a collision between a street car and an automobile. Affirmed.

*Post & Russell,* for appellant.

*Kelly & Wilson* and *E. Eugene Davis,* for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries to the plaintiff Mrs. Yenor, claimed to have been caused by negligence chargeable to the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of seven thousand dollars. The defendant moved for judgment notwithstanding the verdict, and in the alternative for a new trial, both of which were overruled. Judgment was entered upon the verdict and the defendant appeals.

The appellant is a corporation and operates a street railway in the city of Spokane. The respondents are husband and wife and reside at St. Maries, Idaho. The accident out of which the litigation arose occurred at about four p. m., on January 24, 1925, at a point on Sprague avenue in the city of Spokane between Ray and Greene streets. Sprague avenue extends east and west. Greene and Ray streets extend north and south and are parallel streets one block apart. On Sprague avenue is a street car track. At the time that the automobile in which Mrs. Yenor was riding was struck by a street car, a wet snow was falling and the street was wet and slippery. The automobile was an Oakland touring car with a glass enclosure and was driven by Joseph Berger, the owner thereof. In the car, were Mr. and Mrs. Berger and their daughter and Mrs. Yenor and her sixteen year old son, Mrs. Yenor being in the rear seat on the right hand side. The automobile approached from the west, and some distance before

reaching the place of the accident, Berger, in order to pass some obstruction near the curb, had pulled over onto the street car track. The left wheels of the automobile were inside of the south rail of the track and the car proceeded in this way until it was probably about half way between Greene street and Ray street.

When Berger turned the car so that it left the rut or gutter inside of the rail, it started towards the curb and then, in attempting to right it, it headed towards the street car track and skidded until it was clear of the tracks, except the right rear wheel was on the inside of the north rail thereof. At this point, as shown by the evidence on behalf of the respondent, it stopped or, as Berger testified, the engine "went dead." At the time, a street car was approaching from the east and was at about the intersection of Ray street with Sprague avenue, a distance of one hundred feet or more from the place where the automobile was stalled. Berger at this time saw the approaching street car and tried to start his automobile, but was unsuccessful. The street car approached, struck the rear right fender of the automobile and pushed it off the track. The street car moved only two or three feet further and stopped. The automobile was slightly damaged and Mrs. Yenor was seriously injured.

[1] The appellant's first position, and, if we understand the brief correctly, its principal contention, is that the court erred in not taking the case from the jury. Upon the question as to the speed of the street car from the intersection of Sprague avenue and Ray street to the point of the accident, the evidence is in direct conflict. The evidence is also in conflict as to the distance the street car was from the automobile at the time it stalled upon the track. The witnesses testifying in behalf of the respondents said, in effect, that the dis-

tance was one hundred feet or more. The witnesses testifying on behalf of the appellant said that, when the automobile skidded onto the tracks, the street car was only fifteen feet away. Whether the street car was traveling at an excessive rate of speed and whether the motorman in the exercise of ordinary care had time to stop before the collision were plainly questions for the jury. It is not claimed that the motorman failed to see the automobile, because he testified that he saw it from before the time that Berger pulled it off of the street car track to the right until it ceased skidding and stopped on the track, if it did stop. The motorman said that at no time did it stop.

[2] In the appellant's brief, it is said that Mrs. Yenor was guilty of contributory negligence herself because

"   .   .   .   she sat in the rear seat, knew that the automobile was skidding—it had been skidding for some time—yet she raised no voice in protest; did not say anything to the driver about stopping; did nothing and paid no attention. It must have been apparent to her that the automobile was being operated in a dangerous manner and it was her duty to say something or protest."

How anything that Mrs. Yenor could have said or done, when the automobile was skidding and beyond the control of the operator thereof, which would have prevented the accident, it is a little difficult to see. She certainly was not guilty of contributory negligence, as a matter of law, in failing from the back seat to assist the driver of the vehicle when it was beyond his control.

[3] The next question relates to the admission of evidence. Upon the trial, evidence was offered by the respondents to show that the automobile was stalled or had stopped upon the street car track. This was objected to because it was claimed that it was not within

the issues, but was admitted over the objection. The complaint alleged that the automobile

" . . . skidded on the slippery street and was rendered uncontrollable by the driver thereof and said automobile did then and there skid and roll in a direction about northeast toward and upon the street car tracks of the defendant."

Under this allegation, there was no error in admitting the testimony. There is at least an inference from the allegation that the automobile had stopped upon the street car tracks.

[4] The appellant next complains of instruction number 3 in which the jury were told that one riding in a vehicle with another as his "guest or companion" and is injured by the negligence of a third person, any negligence of the driver of the vehicle would not be imputed to the injured person unless such injured person, in the exercise of ordinary care, saw or should have seen, that the driver of the vehicle was conducting himself in a negligent manner and under the circumstances should have exercised due care to prevent the continuance of the negligent conduct. The first objection to the instruction is the use of the word "companion," but we do not see how the jury could have been misled by this, even though the instruction would have been better had the word not been used. There was no evidence in the case that Mrs. Yenor was other than a guest at the time of the accident.

The other objection to the instruction is that it seems to be predicated upon the thought that, even though Mrs. Yenor was a guest, yet the negligence of the operator of the automobile might be imputed to her. In this the instruction is incorrect, but the appellant could in no way have been prejudiced thereby. The second paragraph of the instruction makes its meaning

clear. In addition to this, the instruction stating a theory of law to the jury which would bar a recovery of an injured person where there was a joint adventure or common enterprise, when there was no evidence in the case of such joint adventure or common enterprise, would not be harmful to the appellant. The instruction, when read in its entirety, is in harmony with the rule to be applied in such cases as stated in *Masterson v. Leonard,* 116 Wash. 551, 200 Pac. 320. In the case of a guest, contributory negligence which will prevent a recovery is the independent negligence of the guest and not imputed negligence from the operator of the vehicle. In the case of a joint enterprise or common adventure, the negligence imputed to the one not operating the vehicle is not his independent negligence, but the negligence of the operator of the vehicle which is imputed or chargeable to him. *Masterson v. Leonard,* 116 Wash. 551, 200 Pac. 320; *Hurley v. Spokane,* 126 Wash. 213, 217 Pac. 1004; *Jensen v. Chicago, Milwaukee & St. Paul R. Co.,* 133 Wash. 208, 233 Pac. 635; *Garrow v. Seattle Taxicab Co.,* 135 Wash. 630, 238 Pac. 623.

[5] Finally the appellant contends that the trial court committed error in failing to give a requested instruction which, generally speaking, defined with complete accuracy the respective duties of the operator of a street car which runs upon a particular track and the duties of pedestrians and the operators of other vehicles on the street. Much of the instruction, however, is not applicable to the facts in this case. Under the evidence of both sides, the automobile, being uncontrollable by reason of its skidding, came upon the track. The operator was using every endeavor to keep it from the path of the street car. The instruction was incorrect where it stated that a motorman had a right to assume that other travellers upon the street would use

ordinary care and that he had a right to operate his car upon this theory. The instruction failed to put in the qualification that he had a right to operate his car upon that theory until he became aware, or in the exercise of ordinary care should have become aware, that the other traveller upon the street was in danger. There is also the further objection that the last sentence of the instruction is argumentative. The instruction was properly refused.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.