[Civ. No. 56. Fourth Appellate District.—January 8, 1930.]

THOS. A. BUZBY, Respondent, v. WILLIAM LEWIS et al., Appellants.

M. W. Conkling and Kendall B. Perkins for Appellants.

Frank Birkhauser for Respondent.

MARKS, J.—In this action respondent sought judgment for personal injuries and property damages alleged to have

resulted from a collision between his automobile and a truck belonging to appellants. Judgment was rendered for respondent against William Lewis only. The case comes up on the judgment-roll and the only question presented for our consideration is the sufficiency of the complaint to sustain the judgment, appellants maintaining that it does not state facts sufficient to constitute a cause of action.

It is alleged by respondent that on or about the twenty-third day of September, 1925, he was riding in his automobile driven and operated by his son with due care and caution along a public highway running in an easterly and westerly direction between the city of Holtville and the town of Winterhaven in Imperial County, California; that appellants "carelessly and negligently caused a Moreland automobile truck propelled by a gasoline engine, said truck being then and there owned and controlled by them, and being driven, run and operated along said public highway and thoroughfare at said plaintiff aforesaid, and while traveling in an easterly direction on the north side of said public highway and thoroughfare, at a great and negligent rate of speed, to wit: Approximately forty miles per hour, so that by reason of the negligent operation of said Moreland automobile truck, said truck did strike and hit the automobile in which said plaintiff was so riding. That by reason of said carelessness and negligence in the handling and operation of said Moreland automobile truck by defendants and each of them, as aforesaid, said Moreland automobile truck collided with and side-swiped said automobile in which said plaintiff was so riding."

Respondent seeks to support his pleading upon two grounds, namely, first, because it is alleged therein that the truck of appellants "was traveling in an easterly direction on the north side of the public highway"; and, second, that the truck was traveling "at a great and negligent rate of speed, to-wit, approximately forty miles per hour." In support of his first contention he relies upon section 124, California Vehicle Act (Stats. 1923, p. 517). In support of his second contention he relies upon sections 113 and 118 of the same act.

It will be observed that the complaint does not allege the direction in which respondent's automobile was traveling at the time of the accident. It also fails to allege

its position on the highway, and it does not attempt to describe the position of the other vehicles, if any, upon the road at the time and place of the accident. The bare allegation that at the time of the collision, appellants' truck was traveling on its left-hand side of the road does not of itself charge negligence, for under some circumstances it is lawful to so drive a motor vehicle. (Sections 122, 124, 125, California Vehicle Act, *supra*.)

Section 118 of the same act does not assist respondent. This section provides the speed at which trucks of given weights may be driven. It does not appear that the truck with its load was of a weight equal to or in excess of the minimum provided and therefore, under the condition of the record, this section can have no application to this case.

The only allegation of the complaint that can possibly support a cause of action is the one in which the pleader alleges that the truck was traveling "at a great and negligent rate of speed, to-wit, approximately forty miles per hour."

Section 113 of the California Vehicle Act, *supra*, in force at the time of this accident, provided, in part, as follows: "Restrictions as to speed. (a) Any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person. (b) Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in this act, it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding the following: 7. Thirty-five miles an hour under all other conditions. (c) In ,all charges for a violation of this section, speeds in excess of those set forth in subdivision (b) of this section shall be taken as *prima facie*, but not as conclusive evidence of a violation of this section, and every notice to appear and every complaint charging a violation of this section shall specify approximately the speed at which the defendant is alleged to have driven and exactly the lawful speed at the time and place of the alleged offense."

In the recent case of *Benjamin* v. *Noonan,* 207 Cal. 279, [277 Pac. 1045], the Supreme Court, in construing this section, used the following language: "Appellants complain of an instruction given by the court at its own instance which first stated the provisions of the Motor Vehicle Act (Stats. 1923, p. 517) to the effect that vehicles shall be driven on the public highways at a careful, prudent, reasonable and proper speed, so as not to endanger the life, limb or property of any person and that it shall be lawful to drive at a speed not exceeding fifteen miles an hour in traversing an intersection of highways where the view is obstructed, etc., and then charged that a violation thereof constituted negligence as a matter of law. They contend for the distinction that an infraction of said provisions would constitute not negligence *per se* but mere evidence of negligence which might or might not amount to proof of negligence. We find no error in said instruction. As said in *Scragg* v. *Sallee,* 24 Cal. App. 133, 144 [140 Pac. 706, 710]: 'While it is undoubtedly correct to say that the act of driving a vehicle over a street or public highway beyond the speed limit established by a municipal ordinance or a statute merely constitutes evidence of negligence in cases where damage has followed the infraction of such an ordinance or law, the rule in this state is, however, that it is conclusive evidence of negligence (citing cases). Therefore, the statement that such an act is "of itself negligence," or "negligence as a matter of law" or "negligence *per se*" (equivalent expressions) is, in this state, strictly correct.' (See, also, *Baillargeon* v. *Myers,* 180 Cal. 507, 508 [182 Pac. 37]; *Flynn* v. *Bledsoe Co.,* 92 Cal. App. 145 [267 Pac. 887]; *Towne* v. *Godeau,* 70 Cal. App. 148 [232 Pac. 1010]; *Greeneich* v. *Knoll,* 73 Cal. App. 1 [238 Pac. 163].) We find nothing in the cases cited by appellants at variance with the rule above set forth."

Under the authority of this case we must hold that the complaint in alleging that appellants' truck was traveling at a speed of approximately forty miles per hour, five miles per hour in excess of the maximum speed specified in the section of the California Vehicle Act in force at the time of the accident, alleged a *prima facie* violation of the act and therefore charged appellants with negligence *per se* in the operation of their truck at the time and place of the

collision involved in this action. The complaint, therefore, is sufficient to support the judgment.

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.