[Civ. No. 9851. First Appellate District, Division One.—August 6, 1936.]

CARL T. FRISVOLD, Appellant, v. WILLIAM F. LEAHY, Respondent.

George D. Collins, Jr., for Appellant.

Appelbaum & Mitchell, Lewis N. Mitchell and Carl Appelbaum for Respondent.

WARD, J., *pro tem.*—This is an appeal upon the judgment roll from a final judgment rendered after order sustaining a general and special demurrer interposed to the complaint by defendant Leahy. Plaintiff declined leave to amend. The action is one to recover damages for personal injuries alleged to have been inflicted upon the plaintiff, through collision with a concrete pier, while riding on a public highway in an automobile driven by defendant.

The averring portions of the two counts pertinent to the questions involved herein are as follows: "That heretofore, to-wit: on the 16th day of April, 1933, the defendants named in this cause of action were driving a certain automobile in an easterly direction along Marin Avenue and collided with a concrete pier located in said Marin Avenue just east of its intersection with Masonic Avenue then and there public highways in the City of Albany, County of Alameda, State of California; that said Leahy was then and there intoxicated and in an intoxicated condition from the excessive use by him of alcoholic liquor; that such collision proximately resulted from the intoxication of said Leahy then and there an agent of said defendants and then and there acting within the scope of such agency in driving of said automobile; that plaintiff was at the time of said collision riding in said automobile as a guest of said defendants and by reason of such collision resulting as aforesaid, plaintiff was with great force and violence hurled to the paved surface of said Marin Avenue and sustained the following injuries, to-wit:" The second cause of action, after setting forth the driving of the automobile and the collision at the time and place mentioned in the first cause of action, alleges: " . . . that such collision proximately resulted from the willful misconduct of such defendants in that they drove said automobile into said pier with the intent that harm should result to plaintiff therefrom and in the attitude of mind of not caring if such collision did result in injury to plaintiff; that plantiff was at the time of said collision riding in said automobile as a guest of said defendants and by reason of such collision resulting as aforesaid, plaintiff was with great force and violence hurled to the paved surface of said Marin Avenue and sustained the following injuries, to-wit:" The defendant Leahy filed a demurrer, general and special in form, to each cause of

action. The complaint was attacked upon the grounds that it could not be ascertained what the causal connection was between the injuries and the operation of the automobile, either negligently or while the defendant was under the influence of intoxicating liquor; or the like connection between the wrongful act and the medical expenses incurred; what the facts were which plaintiff claims constituted wilful misconduct on the part of the defendant; what the defendant did or should not have done in the operation of the automobile; the intent of the defendant in driving the automobile, and his knowledge of the probability of injury to plaintiff.

In his opening brief respondent contends that there is no allegation that the pier was lighted or unlighted; that the alleged collision occurred in the daytime or nighttime; how the pier happened to be there, whether it was a landmark or a guide for the use of traffic or whether it was left in the street by virtue of municipal or other authority. These claimed uncertainties are simply requests that the court force plaintiff to allege evidentiary matter which may or may not be material in the trial of the case. Other grounds of uncertainty are set forth but are included in the main contention, namely, that there are no specific or general charges of negligence in either count.

■ At the time of the alleged accident it was unlawful for any person under the influence of intoxicating liquor to drive a vehicle on any public highway within this state. (Sec. 112 of the California Vehicle Act, Stats. 1929, p. 537.) When a guest is occupying part of a vehicle and an accident occurs, resulting in injuries to the guest, the parties responsible for the operation of the vehicle are liable in damages. (Sec. 141¾ of the California Vehicle Act, Stats. 1931, p. 1693.) Intoxication is an abnormal mental or physical condition due to the influence of alcoholic liquors. (*Noble* v. *Key System,* 10 Cal. App. (2d) 132 [51 Pac. (2d) 887].) In *Knickrihm* v. *Hazel,* 3 Cal. App. (2d) 721, 727 [40 Pac. (2d) 305], the court said: " 'The statute [section 141¾ of the California Vehicle Act] applies if the intoxication is to such a degree as to prevent or tend to prevent the driver of an automobile from exercising his normal faculties, and driving with the care and caution characteristic of a sober and prudent person.' " If the driver's normal mental

faculties are affected from the use of intoxicating liquor to the extent of preventing the operation of the vehicle with the caution and care of an ordinarily prudent person, it may well be said that his aim, purpose and intent are impaired. An intoxicated person may become mentally active and alert or stupid and dull. In either case the power to reason and decide normally upon a course of conduct is diminished in accordance with the degree of intoxication. Intoxication is not a separate and distinct ground of liability, but is a species of ordinary negligence superinduced by the excessive use of intoxicating liquor. The actual existence of the ability, unimpaired by a diseased mental condition caused by excessive use of intoxicants, to form a distinct volition to purposely do or refrain from performing an act, and the simple neglect to do or not to do an act, constitute the determining feature between wilful misconduct and ordinary negligence, the result of intoxication.

It is necessary in a complaint based upon negligence to use the term ''negligent'' or to allege that the acts causing the injury were done negligently, unless the facts as set forth preclude any other conclusion than that their mere recital is a sufficient charge of negligence. In addition thereto it must be alleged that such facts had a causal connection between the facts set forth and the injuries. The requirement to specifically plead facts in a complaint is to apprise the defendant of the circumstances upon which plaintiff relies and to prevent defendant from being taken by surprise. If the complaint in a negligence case alleges an act or the omission of an act, and the allegation in and of itself is sufficient to apprise defendant of his negligence, the complaint is sufficient against a general demurrer.

Gauged by the rules herein set forth, the complaint states a cause of action on the first count. The complaint alleges that plaintiff was a guest of the driver of the vehicle, that the driver was in an intoxicated condition from the excessive use of alcoholic liquor, that the automobile operated by the driver collided with a concrete pier, and that the collision proximately resulted from the intoxication of the driver. Defendant cannot be misled in his defense. The cause of action by the guest is predicated upon negligence, with intoxication of the driver set forth as the

cause without which the accident would not have occurred. The case referred to by respondent, *Buzby* v. *Lewis,* 103 Cal. App. 124 [283 Pac. 958], is not in point. In that case the complaint alleged that defendant was driving on the wrong side of the road, and the court held that "under some circumstances it is lawful to so drive a motor vehicle". Under all circumstances it is unlawful to drive a vehicle while under the influence of intoxicating liquor. (Pen. Code, sec. 367d; sec. 112 of the California Vehicle Act, Stats. 1929, p. 537.) "All that is required of a plaintiff, as a matter of pleading, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent of his cause of action." (*Dunn* v. *Dufficy,* 194 Cal. 383, 391 [228 Pac. 1029, 1032].)

Wilful misconduct, as the term is used in section 141¾ of the California Vehicle Act, presupposes an intent to do something which should not be done or an intent to refrain from doing something which should be done in the operation of a vehicle which will result in injury to a guest. Negligence is misconduct without the element of intent to injure, and to that extent is negative in character. Wilful misconduct is positive in nature and requires a determination of the mind upon a course of guidance in behavior inimical to the interest of a guest. (*Hall* v. *Mazzei.* 14 Cal. App. (2d) 48 [57 Pac. (2d) 948]; *Meek* v. *Fowler,* 3 Cal. (2d) 420 [45 Pac. (2d) 194]; *Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327]; *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279]; *Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510]; *Turner* v. *Standard Oil Co.,* 134 Cal. App. 622 [25 Pac. (2d) 988]; *Candini* v. *Hiatt,* 9 Cal. App. (2d) 679 [50 Pac. (2d) 843]; *Weir* v. *Lukes,* 13 Cal. App. (2d) 312 [56 Pac. (2d) 987].) The complaint alleges that defendant "drove said automobile into said pier with the intent that harm should result to plaintiff". The particular act constituting wilful misconduct is specified. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 143 [34 Pac. 618, 36 Pac. 407].) Driving into a concrete pier with intent to harm the guest is an alleged fact necessarily excluding any hypoth-

esis other than that of wilful misconduct. (*Silveira* v. *Iverson,* 125 Cal. 262–269 [57 Pac. 996].) A complaint is sufficient if it alleges the specific act complained of constituting negligence. (19 Cal. Jur. 674.) When the intent to harm a guest is alleged, by doing or refraining from doing a specific act constituting wilful misconduct, it is sufficient against a general demurrer. In *Gibson* v. *Easley,* 138 Cal. App. 303, 313 [32 Pac. (2d) 983], the court said: "While this case does not sound in negligence, it does sound in wilfulness. As it is sufficient to state that a certain act was done negligently so we think it is sufficient to state that a certain act was done wilfully."

The special demurrer to the second count is directed particularly to the fact that negligence is not charged in general or any terms. "Wilful misconduct, like negligence, must relate to the time, place, person, and surrounding circumstances, and must be measured by them." (*Hall* v. *Mazzei, supra.*) Wilful misconduct is distinguished from negligence by the presence of an intent to injure the guest, and therefore the terms "carelessly" or "negligently" need not be alleged. (*Howard* v. *Howard, supra.*) The other grounds of the special demurrer have been sufficiently answered herein.

Attention has been called to the case of *Bartlett* v. *Jackson,* 13 Cal. App. (2d) 435 [56 Pac. (2d) 1298], wherein the court said: " . . . it is necessary to specify the particular acts upon which the wilful misconduct of a person is charged". At page 368 we find the complaint merely alleged that: " 'As a result of the defendants' wilful misconduct in the operation of the aforedescribed International truck and trailer, the plaintiff was thrown with great force' and injured. No facts are alleged which are deemed to have constituted wilful misconduct."

In the instant case the complaint alleges that defendant "drove said automobile into said pier with the intent that harm should result therefrom". The time, the place, the parties involved as guest and driver, the act, the intent, the wilful misconduct, the injuries and the proximate cause are all alleged. There is no merit in the special demurrer. An order should be made vacating and setting aside the judgment and the order sustaining the demurrer. The de-

murrer should be overruled and the defendant permitted reasonable time to answer the complaint.

The judgment is reversed.

Tyler, P. J., and Cashin, J., concurred.