[No. 27511.   Department One.   May 9, 1940.]

ROY FRITCH, *a Minor, by R. O. Fritch, his Guardian ad Litem, Respondent*, v. KING COUNTY, *Appellant*.[1]

*B. Gray Warner* and *F. M. Reischling*, for appellant.

*Gordon McGauvran* (*Charles L. Hamley*, of counsel), for respondent.

ROBINSON, J.—This action was brought to recover damages for personal injuries received in an automobile accident, alleged to have been caused by the negligence of King county in maintaining a defective high-

[1]Reported in 102 P. (2d) 249.

way and in not giving proper warning of the defective condition.

South 154th street — also known as Renton-Three Tree Point highway—is an improved highway maintained by King county. Where the accident occurred, it descends the slope of a hill in an easterly direction at a grade of six per cent. At the foot of the grade, it curves to the left and passes under a bridge. The concrete pavement is twenty feet wide. On both sides of the highway, as it descends the hill, are guard rails, three feet from the edge of the pavement. In building the highway, a low area was filled, and, before paving, the fill was permitted to settle for two years. The pavement was then laid in panels, sixty feet in length and twenty feet wide. Down the center of each panel was a "dummy joint,"—a depression in the concrete, one-fourth inch wide by two and one-half inches deep, which was filled with a tar compound. Sometime prior to the accident, the pavement had broken along this dummy joint, and the north half of the pavement had settled or subsided a number of inches, leaving the level of the south half of the pavement higher than the level of the surface of the north half. The extent of this settlement is in dispute, but the evidence shows that, in the middle, it was not less than two and one-half inches. Some witnesses testified that it was from three to six inches. A witness for the county testified that he measured the depression with a ruler, and that it was two and one-half inches. Appellant contends that the court found that the depression was only two and one-half inches, but it appears that the court did not actually find that it was only two and one-half inches, but based its opinion upon the assumption that that was the depth of the depression.

On the night of March 26, 1937, plaintiff and a com-

panion were driving eastward over this highway in a light Ford truck. In passing down the hill, the left front wheel of the truck "slipped" into the depression caused by the broken pavement, and, in trying to straighten out the car, the driver lost control and the car swerved from one side of the highway to the other, striking the guard rail on the north side, turning completely around, and finally coming to rest against the guard rail on the south side, with the front of the car pointing up the hill. Plaintiff was thrown from the truck and sustained the injuries which are the basis of this suit. From a judgment in his favor of $482, the county appeals.

Appellant does not contend, and the evidence does not indicate, that the car was being driven at an excessive speed, or otherwise than in a reasonably prudent manner. The sole contention is that the defect in the highway was an inconsequential defect, and that the county had no reason to anticipate that it might cause an accident. We think the evidence does not preponderate against the finding of the trial court that the broken pavement at this location constituted a dangerous condition, and that the county was negligent in permitting the condition to continue without giving proper warning.

The county had knowledge of the defective condition, and sometime prior to the accident it had posted a sign on the guard rail on the south side of the highway bearing the legend — "Slow — Danger Ahead." This sign, however, did not direct attention to any defect in the pavement, and was situated only seventy-five feet from the point where the break commenced. On account of a curve in the highway, the lights of an automobile proceeding eastward would not strike the

sign until the car was but a short distance from it. The evidence indicates that, to a motorist traveling eastward, the highway presented the appearance of a broad and smooth thoroughfare. The lights of a car traveling eastward would reveal the break in the pavement only as a thin shadow down the center of the pavement. The defect was one that could have been remedied by the county without great expense. The county subsequently did repair the highway by forcing liquid concrete underneath the pavement.

While a county is not an insurer of the safety of travelers upon the highways maintained by it, it must exercise reasonable care to see that the highways are maintained in a safe condition for ordinary travel. *McClung v. King County*, 119 Wash. 14, 19, 204 Pac. 1064; *Boggess v. King County*, 150 Wash. 578, 584, 274 Pac. 188. And this duty includes the duty to give adequate warning of dangerous conditions in the highway of which it has notice. *Brengman v. King County*, 107 Wash. 306, 181 Pac. 861; *Bullock v. King County*, 179 Wash. 167, 36 P. (2d) 609; *Lyle v. Fiorito*, 187 Wash. 537, 60 P. (2d) 709; *Bennett v. King County*, 188 Wash. 196, 61 P. (2d) 1316. In our opinion, the decision of the trial court was well within the rules laid down in the foregoing cases.

Appellant contends that the trial court erred in allowing plaintiff a trial amendment increasing his claim for damages. The accident occurred on March 26, 1937. Plaintiff filed his claim on April 19th, approximately three weeks later, including an item "Loss of time from his occupation of trucking, $75." It was so alleged in his complaint. Upon application at the beginning of the trial, he was permitted to amend to show six weeks' time loss, on the theory that his condition improved more slowly than he had anticipated it would at the time he filed the claim. In our opinion, the trial

court acted within its discretion in allowing the amendment.

The judgment appealed from is affirmed.

BLAKE, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.