[No. 112-40875-2.   Division Two.   February 6, 1970.]

MADELINE MORSE, *Appellant*, v. ARTHUR FRANK *et al.,*
*Respondents.*

*Erickson & Worthington* and *Harvey Erickson,* for appellant.

*Irwin, Friel & Myklebust* and *Kenneth B. Myklebust,* for respondents.

PEARSON, J.—Plaintiff, Madeline Morse, received personal injuries on July 16, 1967, while riding as a guest passenger in the automobile of defendants, Arthur and Hazel Frank. Her action was tried to the court, sitting without a jury.

The trial court found that defendant driver, Arthur Frank, was intoxicated at the time of the accident and that his intoxicated condition was a proximate cause of plaintiff's injuries. However, the court found the plaintiff had voluntarily entered defendant's automobile when she knew, or in the exercise of ordinary care should have known, that he was intoxicated and that had she been exercising ordinary care she would not have done so. Accordingly, the trial court dismissed the action.

Plaintiff concedes in argument that if there is substantial evidence to support the trial court's finding of contributory negligence on the part of plaintiff in riding with an intoxicated driver, the appeal should be dismissed.

*Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). We have carefully reviewed the record and have synthesized the facts as follows:

The accident occurred about 12:30 to 1 a.m. on Interstate Highway 90, in the vicinity of Post Falls, Idaho. The defendant, Arthur Frank, ran into the rear end of a moving automobile proceeding in the same direction (westerly) as defendant's automobile.

The plaintiff, a single woman, had accompanied Arthur Frank and his wife, Hazel Frank, to a pool hall and later a tavern near Post Falls, Idaho in order to celebrate plaintiff's birthday. They left Spokane on Saturday evening, July 15, 1967, at about 8 p.m. They were together almost continuously during the evening, drinking beer and dancing.

There was substantial evidence to support the trial court's finding that Arthur Frank was intoxicated. This testimony came from the plaintiff herself and from the State Patrol officer. The latter testified that Arthur Frank appeared to be under the influence of alcohol immediately after the accident, with an unsteady walk, slurred speech, and the odor of alcohol on his breath. His "Mobat" breath test registered .28 per cent.

Plaintiff herself, described Arthur Frank as being "thick tongued" and that she knew he had "plenty" of beer during the evening. Prior to this night, she had been a frequent drinking companion of the Franks and testified that she had seen Arthur intoxicated before and from their close acquaintanceship could tell whether or not he was affected.

Both parties concede that Idaho has a host-guest statute similar to the Washington statute, RCW 46.08.080, which provides:

> No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or opera-

tor, or the result of said owner's or operator's gross negligence or intoxication  . . .

No Idaho decisions have been cited by either party as to the quantum of proof required to show intoxication of a driver or the quantum of proof required to show that a guest is contributorially negligent for voluntarily riding with such an intoxicated driver.

However, the evidence outlined above justified, if not compelled, the trial court to find that Arthur Frank was intoxicated at the time of the accident. *See Provins v. Bevis,* 70 Wn.2d 131, 422 P.2d 505 (1967), where, in speaking of the quantum of proof of intoxication under the Washington host-guest statute, the court stated at 137:

> The word "intoxication" as used in the host-guest statute is a broad and relative term. It embraces and includes the varying degrees of insobriety from "under the influence of intoxicants" to "dead drunk." It contemplates a situation where the host driver is affected by the intake of intoxicants to an extent which prevents him or her from exercising the care and caution in driving an automobile which a sober and prudent person would exercise under the same circumstances.

That case holds that an admission by the driver that she consumed five stubbies of beer over the course of an evening, together with the testimony of a friend (whom she was with late in the evening) that she was under the influence of intoxicants, was sufficient to create an issue for the jury as to her intoxication.

There is substantial evidence to support the trial court's finding that plaintiff had been an equal participant in all acts and events which led up to Arthur Frank's intoxication. Furthermore, she was continuously in his presence during the evening and had him under her observation. This, together with her prior knowledge of his ability to drink intoxicants, was sufficient to create an issue of fact as to her contributory negligence in riding with an intoxicated driver. *See Miller v. Treat,* 57 Wn.2d 524, 358 P.2d 143 (1960); *Henyan v. Yakima County,* 76 Wn.2d 271, 278, 455

P.2d 937 (1969). Such an issue is usually one for the trier of facts.

The judgment of the trial court is affirmed.

ARMSTRONG, C. J., and PETRIE, J., concur.