[No. 22978. Department Two. June 29, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. NORA
WOODS, *Appellant*.[1]

*John F. Dore* and *Joseph H. Smith,* for appellant.

*Charles R. Denney* and *C. W. Jordan,* for respondent.

MILLARD, J.—Elmer Jones was found guilty by the
verdict of a jury of the crime of unlawful possession of
intoxicating liquor. His co-defendant, Nora Woods,
was found guilty of the same offense, and of having
twice before been convicted of violation of the state
liquor law. From the judgment and sentence pro-
nounced in accordance with the verdict, defendant
Woods prosecutes this appeal.

On land owned by her on the easterly side of Silver
lake in Snohomish county, the appellant operated a
hotel. On the night of November 2, 1929, the Snoho-
mish county sheriff and three deputies, with a search
warrant, visited the appellant's premises. The offic-
ers saw, upon arrival at appellant's premises and be-

[1]Reported in 1 P. (2d) 219.

fore entering the hotel building, two people, Jones and the appellant, approaching the hotel building from a smaller house back of and near the hotel. Jones was carrying about a gallon of gin and the appellant was carrying an imperial quart bottle of the same kind of intoxicant. The key to the small house located to the rear of the hotel was given by the appellant to the officers. In that house, the officers found a siphon hose and a gallon can which had contained alcohol. The officers' search of the premises for intoxicating liquor did not disclose the presence of any contraband. The only liquor found was that taken from Jones and the appellant in their journey from the small house towards the hotel.

The court instructed the jury that

"If you believe beyond a reasonable doubt that the defendant Jones had in his possession, in Snohomish county, Washington, on or about November 2, 1928, as owner any intoxicating liquor commonly called gin and capable of being used as a beverage, and you should find beyond a reasonable doubt that the defendant Nora Woods knew that the said Jones had possession of such intoxicating liquor, if he did have possession of intoxicating liquor, and that she, with such knowledge, in any manner aided, abetted or assisted the said defendant Jones in the possession of such intoxicating liquor, if there was any, either by assisting him in mixing it or taking it to an automobile or elsewhere for the purpose of preserving said liquor, then you should find both defendants guilty of the unlawful possession of intoxicating liquor.

"And if you shall find, beyond a reasonable doubt, that they had in their possession, at said time and place, said intoxicating liquor, or any part thereof, and that they intended to sell the same, you should find them guilty of possession with intent to sell the same, but if there shall be in your minds a reasonable doubt as to whether or not they intended to sell the same, you should give them the benefit of the doubt and find

them guilty of the lesser offense, which is possession of intoxicating liquor."

Appellant complains of the foregoing instruction, and of the refusal of the court to give to the jury a requested instruction reading as follows:

"You are further instructed that the term possession, wherever used in these instructions means more than the mere holding of the alleged article in the hand, but includes the additional element of the right to control the disposition of the same."

Appellant contends that the court erred, in that in the instructions given to the jury "possession" is not defined. It is argued that appellant's possession of the bottle of gin at the time she was arrested was of a temporary, fleeting character; that appellant had the liquor for a limited and qualified purpose only, and had no dominion or control over the same, hence she was not guilty of unlawful possession; and that the court should have defined possession as "the right to control the disposition" of the liquor.

The appellant testified that Jones came to her premises after arranging for a party at her hotel. Jones took with him a can of alcohol and asked the appellant for some water to put into the liquid. Appellant consented, but informed Jones that the diluting of the alcohol would have to be done in the small house on the rear of the premises. Appellant went to the woodshed and secured some jugs which she took to the little house and delivered to Jones, who was transforming the alcohol into gin. Jones poured the gin into the jugs in the presence of the appellant. The appellant took one bottle, and was assisting Jones in carrying the liquor from the small house to Jones' car, which was on her premises, when the couple were apprehended and the liquor seized. There is testimony that part of the gin was to be put in the car, and the

remainder of it was to be taken into the hotel to be enjoyed by those who were to be guests of Jones at the party he was to give in the hotel that evening.

Appellant is not entitled, as she contends, to have instructions upon her theory of the case, unless the instructions are justified by the evidence adduced. Nor will a reversal be directed because of the refusal to give an instruction, unless it is strictly and entirely the law applicable to the facts, hence the court did not err in refusing to give same. *State v. Gohn,* 161 Wash. 177, 296 Pac. 826.

Though the appellant did not own the liquor or have the right to control the disposition of the same, if she, as was testified, and as the verdict indicates the jury believed, permitted Jones (the owner of the liquor) to use her premises for the purpose of making the gin, supplied him with receptacles to contain the liquor, aided in carrying a portion of the liquor to the automobile, and consented to taking a portion of the gin to the hotel to be consumed at a party therein that night, the appellant aided, abetted, and assisted Jones in his unlawful possession of the liquor and is as guilty as Jones of the crime charged.

"It is true that, when an innkeeper leases a room in his house to a guest, he loses control over it temporarily for the lawful uses of the guest. But it is only for lawful uses. If the guest uses the room for unlawful purposes, he is subject to immediate eviction by the landlord. And for a landlord to consent to unlawful uses, which he has the power to prevent, is to become a participant in the unlawful use." *State v. Thomas,* 156 Wash. 583, 287 Pac. 667.

The instruction given states the law applicable to the facts in the case at bar.

"And if instructions can be sustained so far as there is evidence to which they apply, the judgment will not be reversed, although taken literally they may be er-

roneous, or though conditions may be conceived where the statement of the law as given therein would not be correct.'' 14 R. C. L. 821.

The authorities cited are distinguishable upon the facts from the case at bar.

Reversible error not being disclosed by our examination of the record, the judgment is affirmed.

TOLMAN, C. J., BEELER, and BEALS, JJ., concur.