[No. 25121. Department One. August 27, 1934.]

WILLIAM SEIBLY et al., Respondents, v. THE CITY OF SUNNYSIDE, Appellant.[1]

E. N. Funk, for appellant.

Grady & Velikanje and Stanley P. Velikanje, for respondents.

[1]Reported in 35 P. (2d) 56.

MAIN, J.—This action was brought to recover the value of household goods and personal effects destroyed by fire, alleged to be due to the negligence of the defendants. The case was tried to the court and a jury, and at the conclusion of the plaintiff's evidence a nonsuit was granted as. to the defendants Walter Krous and J. A. Krous. The trial proceeded as to the other defendant, the city of Sunnyside, and resulted in a verdict in favor of the plaintiffs in the sum of $1,576.25. Motions for judgment notwithstanding the verdict and, in the alternative, for a new trial, being interposed and overruled, judgment was entered upon the verdict, from which the defendant city appeals.

Walter Krous and J. A. Krous were engaged in the trucking business under the name of Krous Brothers. November 21, 1932, in pursuance of a contract with the respondents, Walter Krous and a helper went to Grandview, where the respondents then resided, to move their household goods and other articles of personal property to Toppenish. The goods were loaded upon the truck, and about one p. m. of that day, the truck left Grandview for Toppenish, taking the paved highway, the nearest and most direct route, which passed through the city of Sunnyside. Over the top of the load on the truck was a heavy canvas tarpaulin.

On this day, the appellant, by its authorized agents, was burning weeds along the south side of the paved highway as it passed through Sunnyside and in close proximity thereto. A heavy wind was blowing from the south or southwest. When the truck approached the place where the weeds were being burned, a heavy smoke was passing over the highway. The driver of the truck, with his helper, considered the advisability of going through the smoke and finally concluded to do so, the road being sufficiently visible.

After the truck had proceeded about a mile and a half, the driver thereof was told by a driver of a passing automobile that his load was on fire. At this time the canvas tarpaulin was practically completely burned and the load was on fire. The fire had proceeded to such an extent that it was impossible to save any of the furniture or other articles. No barriers were erected across the highway to avert traffic, and no warning signs or signals were used by the appellant to inform the traveling public of the danger that might result from the fire in view of the strong wind that was blowing.

The facts, as stated, are in some material respects in dispute; but those which have been stated are such as the jury had a right to find from the evidence. The present action was brought for the purpose above stated, against the appellant and also against Krous Brothers. From the dismissal of Krous Brothers from the action, no appeal was taken.

The first question to be considered is whether the evidence was sufficient to take the case to the jury; in other words, whether there was evidence from which the jury could properly find that the appellant was guilty of negligence.

Rem. Rev. Stat., § 5647, provides that, if any person shall for any lawful purpose kindle a fire upon his own land, he shall do it at such time and in such manner, and

". . . shall take such care of it to prevent it from spreading and doing damage to other persons' property, as a prudent and careful man would do, and if he fail so to do he shall be liable in an action to any person suffering damage thereby to the full amount of such damage."

While the evidence in this case did not show directly that sparks from the fire fell upon the load and

caused it to burn, by a process of elimination it was shown that there was no other cause that could have produced the fire. Whether the appellant, in burning weeds adjacent to the highway and within the city limits, with a heavy wind blowing and without taking any precautions to warn travelers on the highway, exercised the degree of care that a prudent and careful person would under the same circumstances, was a question of fact for the jury.

■ The fact that the driver of the truck, if it be a fact, was guilty of negligence in passing through the smoke, would not prevent a recovery against the appellant. It is well settled that, if the concurrent or successive negligence of two persons results in an injury to a third person, he may recover damages from either or both, and neither can interpose a defense that the prior or concurrent negligence of the other contributed to the injury.

In *Sea Ins. Co. v. Vicksburg, S. & P. Ry. Co.,* 159 Fed. 676, it is said:

"Nor can there be any doubt that, in a case where the property held by the bailee was destroyed by the concurrent negligence and wrong of the bailee and a third person, the bailor could sue either or both of the wrongdoers; for it is settled, seemingly without dispute, that, if the concurrent or successive negligence of two persons results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury."

That principle is supported by the cases of *New York, L. E. & W. R. R. Co. v. New Jersey Elec. Ry. Co.,* 60 N. J. L. 338, 38 Atl. 828; *Bower v. Union Pacific Railroad Co.,* 106 Kan. 404, 188 Pac. 420; *Field v. Spokane, Portland & Seattle Ry. Co.,* 64 Wash. 445, 117 Pac. 228; *Lloyd v. Northern Pac. R. Co.,* 107 Wash.

57, 181 Pac. 29, 6 A. L. R. 307, and others that might be cited.

We do not understand that there is any claim in this case that Krous Brothers were not bailees. There may be more than one proximate cause for the same injury. The negligence of different persons may concur in producing an injury, and in such a case all are liable.

In *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9, it is said:

"There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of another."

The cases of *Cole v. Gerrick,* 62 Wash. 226, 113 Pac. 565, and *Duggins v. International Motor Transit Co.,* 153 Wash. 549, 280 Pac. 50, are to the same effect.

Complaint is made of the instructions given the jury and the refusal to give requests. Particular complaint is made as to instruction 8½ given, which was in exact accord with the law, as above stated. The instructions which were requested and refused were not in accord with the law as we have found it to be, and for this reason they were properly refused.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.