[No. 34889. Department One. August 27, 1959.]
HARVEY ROBILLARD et al., Respondents, v. SELAH-MOXEE
IRRIGATION DISTRICT, Appellant.[1]

*Perry J. Robinson,* for appellant.

*Douglas A. Wilson* and *Fred H. Andrews,* for respondents.

MALLERY, J.—This is an appeal from a judgment entered on a verdict for the plaintiffs for damages to crops suffered in 1956. The damage resulted from seepage from the irrigation canal which appellant maintains along one boundary of respondents' property.

Appellant contends there was insufficient evidence for the jury to find that it had been negligent in the construction, operation, or maintenance of its canal or that the damaging water came from its canal. We do not agree.

[1]Reported in 343 P. (2d) 565.

The only sources of water revealed by the testimony are: The appellant's canal and the Roza canal, which is located some distance above both the appellant's canal and the respondents' land, and also the runoff from lands irrigated by both canals. There was testimony that the Roza canal is concrete lined, and its effect on the land below it has remained relatively constant from 1950 to 1957; that all of the land lying between the canals has been irrigated since 1944; that in the winter of 1954 and 1955 the appellant's canal had its natural seal removed and an asphalt paper lining laid therein; that the water level was allowed to remain above the lining in 1956; that the lining itself became torn, loose, and floated to the surface of the water in 1956; that the bottom of the appellant's canal is level with the surface of the abutting land, and that the respondents' land became flooded in 1956 to a greater extent than any prior year with greater resulting damage to their crop. This circumstantial evidence constitutes a *prima facie* showing from which the jury could have believed that the appellant's canal was negligently maintained, and that the offending waters came from it.

Appellant contends that the trial court should have instructed the jury to find for the appellant unless it could find that *all* of the offending water came from appellant's canal. It is appellant's position that there was evidence from which the jury could have found that some of the waters causing the damage came from the Roza canal. Appellant relies on 4 Restatement of the Law of Torts 449, § 881, which reads:

"Persons Contributing To A *Nuisance*.

"Where two or more persons, each acting independently, create or maintain a situation which is a tortious invasion of a landowner's interest in the use and enjoyment of land by interfering with his quiet, light, air or flowing water, each is liable only for such proportion of the harm caused to the land or of the loss of enjoyment of it by the owner as his contribution to the harm bears to the total harm." (Italics ours.)

The section quoted above applies to persons contributing to the maintenance of a *nuisance*. We are not con-

cerned with a nuisance in the instant case. We think, therefore, that the applicable rule is found in 4 Restatement of the Law of Torts 446, § 879, which provides:

"Concurring or Consecutive Independent Acts.

"Except as stated in § 881, each of two persons who is independently guilty of tortious conduct which is a substantial factor in causing a harm to another is liable for the entire harm, in the absence of a superceding cause."

This is in accord with the rule announced in *Blessing v. Camas Prairie R. Co.*, 3 Wn. (2d) 266, 100 P. (2d) 416; *Caylor v. B. C. Motor Transp., Ltd.*, 191 Wash. 365, 71 P. (2d) 162; *Tope v. King County*, 189 Wash. 463, 65 P. (2d) 1283; *Seibly v. Sunnyside*, 178 Wash. 632, 35 P. (2d) 56.

Appellant contends the trial court erred in failing to give its proposed instruction No. 2 to the effect, among other things, that in order for the respondents to recover, *all* of the damaging waters must have come from appellant's canal. Since that part of the instruction is not a correct statement of the law, the trial court did not err in refusing to give it. *Bloomquist v. Buffelen Mfg. Co.*, 47 Wn. (2d) 828, 289 P. (2d) 1041; *Knight v. Pang*, 32 Wn. (2d) 217, 201 P. (2d) 198.

The judgment is affirmed.

DONWORTH, ROSELLINI, OTT, and HUNTER, JJ., concur.