[No. 38333. Department One. June 23, 1966.]

WALLACE J. JUNEAU, *Appellant,* v. BEN WATSON, *Respondent.**

*J. P. Tonkoff* (of *Tonkoff, Holst & Hanson*), for appellant.

*Alan A. McDonald* (of *Halverson, Applegate, McDonald & Weeks*), for respondent.

WARD, J.†—The plaintiff, Wallace J. Juneau, sought recovery of damages from defendant, Ben Watson, in this action. Plaintiff's claim arose out of an intersection collision between automobiles driven by the parties, in the city of Yakima, on February 27, 1963. The jury returned a verdict in favor of the defendant. The plaintiff has appealed and assigns error to the court's refusal to direct a plaintiff's verdict, and also claims error in several instruc-

*Reported in 416 P.2d 75.

†Judge Ward is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

tions given to the jury, and to the court's failure to give certain instructions requested by the plaintiff.

There were no eyewitnesses to the collision other than the two drivers, and their version of the facts differed to such extent that the court felt compelled to and did instruct the jury on the law which applies to both factual theories. We do not see how it could have done otherwise.

The sketch of the intersection and the adjoining parking

area, should assist in an understanding of the factual situation.

Summitview Avenue is an arterial carrying heavy traffic and at the time of the accident was 36 feet wide between curb lines. It runs generally east and west.

Pierce Avenue runs north and south, is 30 feet wide, and intersects Summitview from the north, forming a "T" intersection. Plaintiff occupied an office set back from the south side of Summitview near this intersection, with a parking area for tenants' and customers' cars between the office building and the south curb line of Summitview.

On the day of the accident, plaintiff left his office, got into his car and headed across the intersection, intending to go north on Pierce. He crossed the east-bound lane of traffic on Summitview and had reached and entered the westbound lane of traffic when his car was struck on the left side, by defendant's car, which had entered the intersection from the north on Pierce, and had commenced a left turn in the intersection.

The plaintiff testified that he first observed defendant's car when the car was about 100 feet from the intersection traveling south on Pierce at 20 miles per hour, and that defendant ran past the stop sign and entered Summitview without stopping. This version of the facts is weakened considerably by the testimony of Officer Qualley, who made an investigation of the accident and got each driver's version of the facts and who testified to some variance between the version of the facts plaintiff gave on the witness stand and that which he gave the officer on the scene of the accident.

The defendant's version of the facts is that he knew of the stop sign on Summitview and stopped before entering the intersection and looked both to right and left, and then crept forward slowly to get a view past some trucks blocking his view to the right. He moved forward while watching for traffic on the arterial which might be coming from his right and this caused him to fail to observe the plaintiff coming into the intersection from the business parking area until just before the collision.

The plaintiff assigns error to the court's failure to give proposed instruction No. 11 reading as follows:

You are instructed that it is the law of the State of Washington that one cannot be heard to say that he did not see that which without dispute in the evidence was there to be seen had he looked.

I therefore instruct you that if you find by a preponderance of the evidence that the defendant while operating his car on the highway had a duty to look and see before making a left-hand turn on said highway, and that had he looked, he would have seen the plaintiff's automobile, but he failed to do so, he cannot now be heard to say he did not see plaintiff.

We do not find error in the refusal of the court to give this instruction for three reasons. (1) The portion containing the phrase "without dispute in the evidence" was a wholly extraneous, unnecessary and improper comment on the evidence. (2) In the second paragraph of the instruction, the plaintiff apparently attempts to repeat the same rule as in the first paragraph, but by the wording of this paragraph, the jury would be permitted to determine from the evidence where the disfavored driver should have been looking as he entered the intersection. The statute, RCW 46.60.170, specifically directs what the disfavored driver shall look out for when he enters an intersection with an arterial highway. His primary duty is to "look out for and give right of way to any vehicles upon the arterial highway . . . ." Under this instruction, the jury could have found from the evidence that the driver should have been looking out primarily for traffic entering the street from a private driveway. (3) The court did give an instruction on defendant's duty to look, based upon plaintiff's theory of the case. This theory was that plaintiff had first entered the intersection and the defendant therefore had a duty to look out for and yield him the right of way within the intersection. This was instruction No. 12, which reads:

A driver, upon entering an intersection and having signaled his intention as required by law to turn his vehicle to the left, has the duty to look out for and yield the right-of-way to vehicles approaching from the oppo-

site direction, regardless of which vehicle reaches and enters the intersection first. This right-of-way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions at intersections rests upon both drivers. The primary duty, however, rests upon the driver turning to the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

We do not determine that, under the unusual facts of this case, the plaintiff was entitled to such an instruction as No. 12, but no exception was taken to it and it became the law of the case. It covered plaintiff's theory of the case, and required the defendant to look out for him and yield him the right of way, under his theory of how the accident occurred.

The plaintiff complains of the court's failure to give his proposed instruction No. 14, reading:

You are instructed that in considering the evidence in this case you are to take into consideration the physical facts, together with the oral testimony, and in this connection you are instructed that oral statements of the witnesses, even if undisputed, must yield to the undisputed physical facts and conditions with which the oral testimony is not reconcilable.

The plaintiff does not cite any case in which this instruction has ever been given to the jury and we have found none. It is true that the court has on several occasions used language of similar import in discussing the weight to be given to the evidence, but that alone is no criterion for its propriety as a jury instruction. The instruction would be an unwarranted comment on the evidence in any case in which there is a dispute as to the physical facts, and there are indeed few jury cases in which the physical facts are undisputed. We assume that the plaintiff deems this instruction appropriate because there was testimony that debris was found on the pavement at a certain spot, and that such a pile of debris constituted the "undisputed physical facts" with respect to where the two cars collided.

It does not appear to this court that the jury must accept the location of a pile of dirt on the pavement as undisputed evidence of the exact point of collision. The total area of two cars is about 200 square feet. The jury, in the absence of evidence, could certainly speculate as to just which of the 200 square feet was the source of the dirt. In the absence of a definite showing of the effect of applied force upon the direction taken by the dirt upon impact, there could certainly be different conclusions reached by the jury on this so-called undisputed physical fact.

We find no error in instruction No. 4 which was not a statement of the law of the case, but merely a statement of the issues of fact raised by the plaintiff's complaint and the defendant's answer.

We find no error in submitting to the jury the issue of contributory negligence. The plaintiff emerged onto Summitview from a parking area which was certainly not public property. Under RCW 46.60.190, he was required to bring his vehicle to a full stop and to yield the right of way to all vehicles upon such public street. The jury was not required to accept plaintiff's theory that the defendant was 100 feet north on Pierce Avenue, when he emerged onto Summitview. The jury could believe that the plaintiff was already on a collision course when he entered the intersection.

On oral argument, plaintiff admitted that assignment of error No. 6 was not well taken.

Assignment of error No. 7 is based on the court's failure to give plaintiff's requested instruction No. 6. This proposed instruction applies when two automobiles are approaching each other on the highway from opposite directions, and one car turns in front of the oncoming car. It is not necessary for us to decide if the plaintiff was an oncoming car in this case within the purview of this rule of law, because the proposed instruction, in the second paragraph, contains language which makes the giving of this instruction improper: "You are further instructed that the right of way extends not only to the paved portion of the highway, but also to the adjoining shoulder thereof."

■ There are no facts in this case which would make such a statement of the law anything but confusing to the jury, as it is to the court. The trial court has no duty to revise proposed instructions so as to eliminate confusing and improper statements.

Moreover, the plaintiff's theory that he had the right of way over defendant, who was making a left turn in the intersection, was set out in instruction No. 12, to which no exception was taken.

The facts present a jury question both as to negligence and contributory negligence and the court did not err in denying the plaintiff's motion for a directed verdict.

Affirmed.

ROSELLINI, C. J., HILL and OTT, JJ., concur.

HUNTER, J. (concurring in the result)—I am in substantial agreement with the reasoning of the majority and concur in the result.

I agree that the trial court correctly denied the plaintiff's motion for a directed verdict. The jury was entitled to disbelieve the plaintiff's testimony and believe the testimony of the defendant. It could have concluded that by reason of the creeping progress of the defendant while he was looking for traffic on his right beyond the parked trucks obstructing his view, as related to the speed of the plaintiff, sufficient time would have elapsed from the time the defendant entered the intersection to the point of collision for him to have been in the intersection prior to the plaintiff. Under instruction No. 11, the plaintiff would then have been required to yield the right-of-way to the defendant.

The plaintiff assigns error to the failure of the court to give plaintiff's proposed instruction No. 11, charging the defendant with seeing that which was there to be seen. This instruction was properly refused because the only issue under the facts at that particular time in the case was whether the defendant or the plaintiff was entitled to the right-of-way, and the defendant's seeing or not seeing the plaintiff was unnecessary to this determination.

The plaintiff contends the court erred in failing to give his proposed instruction No. 14, relative to oral testimony being required to yield to physical facts. I disagree with the majority's indication that such an instruction should not be given in a case. I am of the opinion that an appropriate case would justify such an instruction being given if requested. However, the physical evidence must not be subject to dispute and the inferences therefrom must be certain. Here there was some uncertainty from the testimony as to the relation of the mound of dirt on the highway to the place of the collision. The instruction was therefore properly refused.

The plaintiff contends the trial court erred in giving instruction No. 13, for the reason that it is in conflict with instruction No. 11 in dealing with the issue of the plaintiff's and the defendant's right to the right-of-way, which was material to the issue of proximate cause. These two instructions, particularly when considered with instruction No. 12, appear to be confusing in stating the rules of the road as to whether the plaintiff or the defendant had the right-of-way. A careful analysis of the instructions given discloses, however, that any prejudice resulting therefrom by reason of confusion or contradiction in the instructions was prejudicial to the defendant and not to the plaintiff.

I concur with the majority in the disposition of the remaining assignments of error.

September 12, 1966. Petition for rehearing denied.