[No. 39525.   Department One.   February 27, 1969.]

DANNY G. MOORE, *Appellant*, v. MAYFAIR TAVERN, INC., *Respondent.*\*

*Reported in 451 P.2d 669.

*Perry J. Robinson,* for appellant.

*Kenneth C. Hawkins,* for respondent.

ROSELLINI, J.—The plaintiff, a patron in a tavern owned and operated by the defendant, was accosted by another patron, one Harold Streeter, who slapped him. The plaintiff responded with a blow to the head which sent Streeter to the floor. The bartender forcefully separated the two and escorted Streeter to the rear door of the tavern, telling the plaintiff to leave by the front door. As he was being escorted to the door, Streeter threatened to kill the plaintiff.

The plaintiff started toward the front door in the company of a friend who had been playing shuffleboard, but stopped for a few moments while the friend explained to his opponent that he could not finish the game. Before this was accomplished, Streeter came in the front door carrying a gun which he had obtained from his automobile, and shot the plaintiff three times. The plaintiff suffered serious injuries which left him permanently disabled.

This action was brought by the plaintiff against the owner and operator of the tavern. In the complaint he alleged that the defendant was negligent in failing to abide by certain regulations of the Washington State Liquor Control Board, which negligence proximately caused the plaintiff's injuries. The defendant denied that it was negligent and alleged that the plaintiff's injuries, if any, were caused by the independent act of a third person over

whom it had no control, that the defendant had exercised reasonable care under the circumstances, and that the plaintiff had been guilty of contributory negligence in inciting and provoking the assault.

Upon a verdict of the jury in favor of the defendant, the action was dismissed and this appeal followed.

It is first contended that the court should have granted the plaintiff's motion for judgment notwithstanding the verdict, because reasonable minds must conclude that the injuries suffered by the plaintiff were caused by the negligence of the bartender in not ejecting Streeter sooner, or in not making him get in his car and drive away. The latter contention is premised on the plaintiff's assertion that the parking area adjacent to the tavern was under the control of the defendant. This assertion is not supported by the evidence. Furthermore, it cannot be said as a matter of law that the defendant's employee could have forced Streeter to leave in his car, particularly in view of the fact that Streeter had a gun in his car and, the evidence showed, was in a mood to shoot the bartender as well as the plaintiff.

It is true that, had the bartender ejected Streeter before the plaintiff entered the tavern, the assault probably would not have occurred. The question, then, is whether the court can say as a matter of law that the bartender was negligent in failing to do so, and that this negligence was a proximate cause of the plaintiff's injuries.

The bartender testified that Streeter had been in the tavern less than an hour when the assault occurred. He had drunk two schooners of beer and a part of a third. He had become involved in a dice game with another patron and had used loud and profane language. The bartender told him to stop the dice game and to quiet down, and he did so. Later he became noisy again, and again the bartender told him to quiet down. He did not threaten anyone and he was not armed. Other patrons in the tavern who testified did not notice any unusual commotion of boisterousness, but heard only the "usual tavern noises." There was a conflict in the evidence concerning the extent to

which Streeter was affected by alcohol at the time in question.

The regulations relied upon by the plaintiff are Title II, Sections 27(a) and 30 of the Revised Rules and Regulations of the Washington State Liquor Control Board, which read as follows:

Section 27. (a) No licensee shall be disorderly, boisterous or intoxicated on the licensed premises, or on any public premises adjacent thereto which are under his control, nor shall he permit any disorderly, boisterous or intoxicated person to be thereon; nor shall he use or allow the use of profane or vulgar language thereon.

Section 30. No retail licensee shall give or otherwise supply liquor to any person under the age of 21 years, either for his own use or for the use of his parent or of any other person; or to any person apparently under the influence of liquor; or to any interdicted person (habitual drunkard); nor shall any licensee or employee thereof permit any person under the said age or in said condition or classification to consume liquor on his premises, or on any premises adjacent thereto and under his control, except where liquor is administered to such person by his physician or dentist for medicinal purposes.

The defendant presented evidence that the liquor control board had made an investigation after the shooting but did not charge the defendant with any violation of its regulations. We will assume, however, that the plaintiff is correct in maintaining that the evidence supports no reasonable inference other than that Streeter had been boisterous, within the meaning of the regulation, prior to the assault and that the defendant's employee was negligent in allowing him to remain on the premises. The question remains whether the jury was bound to find that this negligence was the proximate cause of the assault upon the plaintiff.

The court told the jury in an unchallenged instruction:

"[P]roximate cause" means that cause which in a direct, unbroken sequence produces the injury complained of and without which such injury would not have happened. When we say that an act or omission must be a proximate cause of an injury, we mean that the injury must be the natural and probable consequence of the

act or omission and one which might have been foreseen by a man of ordinary prudence and intelligence, though not necessarily in the precise form in which it occurred. The proximate cause is the direct, producing, efficient cause. There may be one or more proximate causes of a particular event. (Instruction No. 6.)

The defendant introduced medical testimony that Streeter was suffering from a serious mental illness at the time of the assault, which would account for his accosting a stranger, and that the blow which he received on the head could well have precipitated the irrational act of shooting the plaintiff. While there was evidence that Streeter had been noisy and profane, there was no evidence that he had said or done anything which would serve as a warning that he was likely to commit such an act.

■ While it is undoubtedly true that, as the plaintiff urges, if Streeter had been required to leave the tavern before the plaintiff entered, the assault would not have occurred. However, this fact alone does not render the failure to remove him a proximate or legal cause of the plaintiff's injuries. In order for it to be a cause in that sense, the harm which the plaintiff suffered, or harm of that type, must have been foreseeable. Upon the evidence, the jury was entitled to find that it was not a harm which a reasonable man in the bartender's position would have been able to foresee as a result of his failing to eject the patron Streeter.

The plaintiff cites the case of *Edwards v. Hollywood Canteen*, 160 P.2d 94 (Cal. App. 1945), *rehearing denied* 27 Cal.2d 802, 167 P.2d 729 (1946). In that case, the plaintiff, a hostess at a dance hall for servicemen, was injured while "jitterbugging" with a boisterous marine. The court held that the proprietors were negligent in permitting the marine to toss the girl about the room while she protested loudly. There, it was the boisterous act itself which produced the harm to the plaintiff and it was a harm which was easily foreseeable. Here, it was not the allegedly boisterous conduct of Streeter—playing with dice, using loud and profane language—which injured the plaintiff, but an entirely dif-

ferent kind of act, the shooting of a gun; and the shooting, according to the defendant's evidence, was the act of a deranged man whose mental state was not apparent or known to the defendant.

Since, upon the evidence, the jury was justified in finding that the assault upon the plaintiff was not foreseeable by the defendant as a harm which was likely to occur if Streeter was allowed to remain on the premises, the trial court did not err in refusing to grant the plaintiff's motion for judgment notwithstanding the verdict.

Error is assigned to the refusal of the plaintiff's proposed instruction No. 16, which was taken from Restatement (Second) of Torts § 437 (1965), which reads:

> If the actor's negligent conduct is a substantial factor in bringing about harm to another, the fact that after the risk has been created by his negligence the actor has exercised reasonable care to prevent it from taking effect in harm does not prevent him from being liable for the harm.

The trial court observed that the only question for the jury was whether the defendant was negligent in failing to eject Streeter prior to the fight, and that if it was and that caused the harm, then the fact that the defendant subsequently exercised reasonable care did not excuse that negligence. The court evidently believed that the instructions which it gave adequately presented the question to the jury, and it did not give the plaintiff's requested instruction No. 16, the court said, because, as worded, it might give the jury the impression that it would be justified in finding that the defendant was negligent after the plaintiff entered the tavern and the fisticuffs began.

The plaintiff made no argument in support of the instruction, nor did it offer an amended instruction in an effort to cure the ambiguity which the court found in instruction No. 16.

As we pointed out in *Rank v. Alaska S.S. Co.*, 45 Wn.2d 337, 274 P.2d 583 (1954), the purpose of the rule requiring a party to except to the refusal of proposed instructions is to put upon counsel the duty to use his best

efforts to keep a trial free from error, and to this end to give the court an adequate statement of his position upon all matters upon which he asks the court to make a ruling. If a trial court then rejects the contention, there may be a just grievance for which an appeal is the only remedy; but an appeal is not a device for trying out new theories or improving on the trial below.

Of course, under Civil Rule for Superior Court 46, it is no longer necessary for counsel to take formal exception to the giving or refusing of instructions; but counsel is still required to make known to the court the action which he desires the court to take, or to which he objects, and to state the grounds therefor.

Here, not only did counsel fail to apprise the court of his grounds, but he also passed up an opportunity to persuade the court to give an instruction expressly embodying his theory. He could have made a simple change in the language of the instruction which would have cured the defect which the court gave as the reason for rejecting it. We have no reason to suppose that the court would have refused the instruction if the plaintiff had asked permission to submit a substitute instruction couched in language more appropriate to the facts of the case.

Even though it should be held that the trial court's stated ground of refusal was invalid, the instruction was nevertheless objectionable on another score. Using the language borrowed from the Restatement, the instruction speaks of a possible jury finding that the defendant *created* the risk. As comment *a* on page 463 of the Restatement makes clear, the rule stated there pertains to a defendant who has actively created a risk and not to one whose liability rests upon his failure to exercise reasonable care to nullify a risk created by a third person. While the general theory may be applicable, even though the negligence of the defendant is passive rather than active, a proposed instruction suggesting that the defendant could be found guilty of active negligence would be inappropriate in a case where the evidence showed only a possible breach of a duty to act. We do not decide these questions here, however, since they are

not before us, the plaintiff having failed to lay a proper foundation for a claim of error in the court below.

The plaintiff complains of the court's refusal of his instruction on intervening force. The court gave an instruction which adequately expressed the rule of law in question, and the plaintiff was not prejudiced by the refusal of his proposed instruction.

The plaintiff urges that it was error to permit the defendant to introduce evidence tending to show that Streeter was insane at the time in question. The argument offered is that the regulations of the liquor board do not excuse a tavern operator who allows a boisterous or intoxicated person to remain on the premises, just because the person is insane. It may be conceded that the plaintiff is correct in this contention, but that does not render the evidence irrelevant. The fact that the defendant may have violated the regulations, standing alone, was not sufficient to render him liable. Further proof was needed that the violation, if any, was a proximate cause of the plaintiff's injuries. The defendant had a right to introduce evidence that it was not a proximate cause, that is, that the general field of danger was not one which the defendant should reasonably have anticipated, and proof that the act which caused the harm was that of an insane man was relevant on this issue. Furthermore, the plaintiff did not raise the issue of relevancy when the evidence was offered, and cannot urge it for the first time here.

The last assignment of error concerns certain comments made by the judge when the defendant's medical witness was testifying about his examination and evaluation of Harold Streeter. In doing so, the doctor testified concerning statements made to him by Streeter about his own history and mental problems. The plaintiff objected that this testimony was hearsay; whereupon the trial court instructed the jury that it should consider the testimony about the statements, not as evidence of the truth of the statements but simply as evidence that the statements were made. This was a correct statement of the law. *Smith v. Ernst Hardware Co.*, 61 Wn.2d 75, 377 P.2d 258 (1962).

■ We see no merit in the plaintiff's suggestion that the court should not have given the instruction orally but should have reduced it to writing. He cites no authority other than Rule of Pleading, Practice and Procedure 51 (now Civil Rule for Superior Court 51), providing that the charge to the jury must be reduced to writing and copies furnished to counsel. This rule does not prohibit the trial court from instructing the jury orally concerning the manner in which they are to consider evidence, at the time the evidence is introduced. This is a proper time to give such instructions, since they pertain to particular evidence and can be more readily understood and applied if they are given at the time the jury hears the evidence.

■ Nor do we find merit in the plaintiff's contention that the instruction was a comment on the evidence. When the court told the jury that it could consider the doctor's testimony as evidence that the statements were made, it was not passing upon the credibility of the doctor's testimony but was simply advising the jury concerning the limited purpose for which the evidence could be considered. Whether or not the doctor's testimony was to be believed was a question for the jury. The court expressed no appraisal of the truth or falsity of this testimony. A judge may refer to the evidence so long as he does not explain or criticize the evidence, or assert that a fact is proven thereby, and so long as the jury is made aware that the fact is for it to determine. *Kerr v. Cochran,* 65 Wn.2d 211, 396 P.2d 642 (1964).

The judgment is affirmed.

FINLEY, WEAVER, and HALE, JJ., and STAFFORD, J. Pro Tem., concur.