[No. 42978.    En Banc.    May 2, 1974.]

ROBERT L. TUNNEY, *Petitioner*, v. SEATTLE MENTAL HEALTH REHABILITATION INSTITUTE *et al.*, *Respondents*.

*Koenigsberg, Brown, Sinsheimer, Stone & Meltzer,* by *Edwin S. Stone,* for petitioner.

*Merrick, Hofstedt & Lindsey,* by *Gary R. Eliasen,* for respondents.

UTTER, J.—Robert L. Tunney petitions this court to review the decision of the Court of Appeals which by an unpublished opinion reversed the trial court's order granting Tunney's motion for a new trial.

This action arose out of a personal injury suit brought by petitioner against respondents. Petitioner's car, which had the statutory right-of-way, collided at an uncontrolled intersection with a car that had been repaired at the respondents' service station and which was being pushed by one of respondents' employees to start it.

The petitioner requested a jury instruction setting forth a Seattle City Ordinance[1] making it unlawful to move a defective vehicle on the city streets. The trial court refused to give the instruction.

Petitioner's subsequent motion for a new trial was granted on the grounds there was no reasonable inference from the evidence to justify the verdict and that the refusal to give the requested instruction was error. The court further held that, at a new trial, only the issue of petitioner's contributory negligence should be submitted to the jury.

■ The court did not err in failing to give petitioner's requested instruction because it was not submitted timely and the exception taken to the court's failure to give it was inadequate. The instruction was first proposed at the conclusion of all the evidence. CR 51(a) provides: "Unless otherwise requested by the trial judge on timely notice to counsel, proposed instructions shall be submitted when the case is called for trial. Proposed instructions upon questions of law developed by the evidence, which could not reasonably be anticipated, may be submitted at any time before the court has instructed the jury."

There was no contention that the grounds covered in this instruction could not have been reasonably anticipated by the start of the trial. The failure to submit instructions timely deprives the court and opposing counsel of reasonable time to permit consideration of the specific language of the instruction.

---

[1]Seattle City Ordinance No. 21.26.440:

"Moving defective vehicle unlawful. It is unlawful for any person to operate or move, or for any owner to cause or permit to be operated or moved upon any street or way open to the public, any vehicle or combination of vehicles which is not at all times equipped in the manner required by Chapter 46.37 of the Motor Vehicle Laws of the state of Washington, or the equipment of which is not in a proper condition and adjustment as required by said Act.

"The provisions of this section shall not be construed to prevent the operation of a defective vehicle to a place for correction of equipment defect in the manner directed by any peace officer or representative of the state commission on equipment. (46.32.060 RCW) (Ord. 91910; March 11, 1963)."

We recognized the difficulties this creates in *Ogilvie v. Hong*, 175 Wash. 209, 212, 27 P.2d 141 (1933), where we noted:

> Not having prepared and presented any requested instructions covering these matters at a time when the court could give them consideration, but by his motion after the charge had been given, counsel, perhaps unwittingly and unintentionally, called upon the court to act offhand and without preparation or consideration in the delicate matter of defining the law applicable to certain phases of the case. To countenance that practice would be not only to encourage and invite error, but in many, if not most, instances it would make error inevitable. Judges are but men, with all of the usual human limitations, and trial judges work under a time pressure in order to expedite business. Under such conditions, probably no man living and none known to legal history, could, offhand and upon an unforeseen demand, correctly define every one of the niceties and fine distinctions of the law, and so accurately and fully instruct the jury on every legal issue in the case as to avoid error.

Counsel's exception also failed to "state distinctly the matter to which he objects and the grounds of his objection . . ." CR 51(f). The exception did not point out with particularity to the trial court the theories counsel now urges on appeal. Where such an exception does not fully advise the court as to the specific points of law being urged on appeal, these points will not be considered on appeal. *State v. Scott*, 77 Wn.2d 246, 461 P.2d 338 (1969); *Moore v. Mayfair Tavern, Inc.*, 75 Wn.2d 401, 407, 451 P.2d 669 (1969). The court could not, from the exception, adequately consider the grounds of counsel's objection as it relates to this instruction and we, therefore, will not review the claimed error.

There was substantial evidence in the record from which a jury could find petitioner was exceeding the speed limit and that the collision occurred on the opposite side of the street from that lawfully traveled by petitioner.

The decision of the Court of Appeals reinstating the original jury verdict in favor of respondents is affirmed, and

698

the cause is remanded to the trial court for entry of judgment on the verdict.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.