[No. 43317.    En Banc.    July 31, 1975.]

VERNA MEMEL, *Appellant*, v. ROBERT REIMER *et al,*
*Respondents.*

*Ivy, Elofson, Vincent, Hurst & Crossland,* by *David K. Crossland,* for appellant.

*Homer A. Crollard* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondents.

HUNTER, J.—On March 13, 1972, the plaintiff (appellant), Verna Memel, a 71-year-old woman, visited the home of the defendants (respondents), Robert and Helen Reimer, to attend a meeting of a local flower guild. Upon entering the house, the plaintiff went to the kitchen and spoke briefly with Mrs. Reimer, who instructed the plaintiff to put her coat in the bedroom. The plaintiff noticed a door next to the kitchenette which was unlatched, and she presumed it led to the bedroom. Upon opening the door, she immediately realized that this was not a hallway. Due to the lack of light and the presence of several coats hanging on the wall, the plaintiff incorrectly concluded that this was a kitchen closet, while, in fact, it was a stairway leading down to the basement. There was an open hook on the far right-hand side, for which she reached without entering in order to hang her coat. When the coat began to slip off the hook, the plaintiff grabbed for it, causing her to slip off the stairwell threshold located at the door jam, and thereupon fall down the entire flight of stairs. This fall resulted in serious personal injuries to the plaintiff.

At the trial the court rejected the plaintiff's theory that the proper duty owed by a landowner to a licensee was one of reasonable care under the circumstances, and instructed the jury that the plaintiff had the burden of proving that the defendants were guilty of wanton misconduct in failing to warn her of the dangerous stairwell. The jury returned a verdict (10 to 2) in favor of the defendants and judgment was entered thereon. The plaintiff appeals from that judgment.

A threshold issue presented by this case is whether any error assigned to the jury instructions can be considered due to the form in which exceptions were taken at trial. The defendants contend that the trial court's instructions become the law of the case, since the plaintiff failed to specify by number which instructions were excepted to. We disagree.

During the instruction conference, counsel for both sides argued extensively as to whether the case should

be submitted to the jury on the theory of wanton miscon-
duct as opposed to reasonable care under the circum-
stances. The record clearly shows that the plaintiff went to
great lengths to persuade the court to adopt her theory of
reasonable care under the circumstances. While the plain-
tiff did in fact fail to numerically list those instructions she
excepted to, she did state that she objected to all of the
court's instructions which incorporated a theory of wanton
misconduct. In support of her position, the plaintiff cited
numerous authorities to the court. The end result was that
the trial judge considered the plaintiff's theory and rejected
it. While we strongly disapprove of the informal manner in
which the plaintiff excepted to the instructions actually
given, we must not lose sight of the purpose of the rule
regarding proper exceptions:

> [T]he purpose of the rule requiring a party to except
> . . . is to put upon counsel the duty to use his best
> efforts to keep a trial free from error, and to this end to
> give the court an adequate statement of his position upon
> all matters upon which he asks the court to make a
> ruling. If a trial court then rejects the contention, there
> may be a just grievance for which an appeal is the only
> remedy; but an appeal is not a device for trying out new
> theories or improving on the trial below.

*Moore v. Mayfair Tavern, Inc.*, 75 Wn.2d 401, 406-07, 451
P.2d 669 (1969). In the addendum to the statement of facts,
the trial judge certified to this court that he was fully
apprised as to the plaintiff's theory, and, upon considering
it, he chose to reject this theory in favor of that proposed
by the defendant. In other words, the trial court was not
misled or prejudiced in any fashion. Since the plaintiff
fully informed the trial court of the action she desired the
court to take and the grounds therefor, she will not be
precluded from arguing her assignments of error to this
court. Having dispensed with this procedural question, we
now address the central issue raised by this appeal.

The plaintiff contends that the trial court erred by in-
structing the jury that "an owner or occupier owes to a
social guest a duty not to commit wanton misconduct in

connection with the conditions of his premises." The plaintiff argues that this is an antiquated rule that improperly insulated possessors of land from liability, and therefore should be replaced by the modern rule which imposes a duty of exercising reasonable care under the circumstances. We agree.

The traditional rule, originally formulated in England, protected licensees only where the possessor of land had committed willful and wanton acts of misconduct. 2 Harper & James, *Law of Torts* § 27.1 (1956). Realizing the harshness of this rule, courts have attempted to formulate exceptions which afford relief to injured parties. In *Christensen v. Weyerhaeuser Timber Co.*, 16 Wn. 2d 424, 133 P.2d 797 (1943), we stated on page 432:

> The rule as thus expressed does not exclude liability on the part of the owner or proprietor for extraordinary concealed perils against which the licensee cannot protect himself, or for unreasonable risks incident to the possessor's activities.

While recognizing a need for a change, neither exception was formally adopted since the facts of *Christensen* did not come within these "exceptional circumstances."

Twenty years later, the "activities" exception was formally adopted in *Potts v. Amis*, 62 Wn.2d 777, 384 P.2d 825 (1963). In *Potts* we noted the willingness of this court "to accept the rule of reasonable care under the circumstances," yet we deferred our determination as to whether the rule covering the conditions of the premises required revision until the facts of a later case necessitated it. The instant case now mandates this court to make that determination.

■ The old standard of wanton and willful misconduct must be abandoned as to licensees, yet we do not choose to adopt the exception enunciated in *Christensen v. Weyerhaeuser Timber Co., supra.* In *Miniken v. Carr*, 71 Wn.2d 325, 428 P.2d 716 (1967), we were confronted with a "condition of the premises" case, and avoided the harsh standard of wanton misconduct by classifying the plaintiff as a

business-invitee. However, we noted that it was not necessary to rest our determination on the invitee-licensee distinction alone. In *Miniken* we went beyond the *Christensen* exception and favorably cited the Restatement (Second) of Torts § 342, which provides:

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved.

Subject to a wide variety of qualifications, this now represents the general rule in an overwhelming number of jurisdictions. *See Modern Status of Rules Conditioning Landowner's Liability Upon Status of Injured Party as Invitee, Licensee, or Trespasser*, Annot., 32 A.L.R.3d 508 (1970). We recognize that this rule is broader than the *Christensen* exception in that it applies to any *unreasonable risk* as opposed to an extraordinary concealed peril. However, this does not impose a duty on the landowner to act as an insurer for the benefit of his licensees. We are not requiring that the occupier either prepare a safe place, or that he affirmatively seek out and discover hidden dangers. What we do impose is a duty to exercise reasonable care where there is a known dangerous condition on the property and the occupier can reasonably anticipate that his licensee will not discover or realize the risks. Under these circumstances, the landowner can fulfill his duty by either making the condition safe or by warning his licensee of the condition and its inherent risks. 32 A.L.R.3d, *supra* at 517. Under this rule, as herein enunciated, a comparative negligence instruction shall be given whenever warranted by the facts of the particular case.

Having abandoned a standard of wanton misconduct as to licensees, we must now determine whether the new rule adopted herein should apply to the instant case, or prospectively only. The defendants contend that any changes should have prospective effect only, since the instruction proposed by the plaintiff did not correctly state the *Christensen* exception. We believe better logic dictates otherwise.

■ The plaintiff's proposed instruction would impose a duty upon occupiers to warn licensees of *any* dangerous defect, *and* to maintain their premises in a reasonably safe condition. We recognize that this goes beyond both the *Christensen* exception and the second Restatement of Torts. However, this is not a situation where a party's instruction was refused because it contained a confusing or misleading statement, or was not supported by sufficient evidence. *See Juneau v. Watson*, 68 Wn.2d 874, 416 P.2d 75 (1966). In the instant case, both parties presented theories which were diametrically opposed. The trial court was forced to incorporate one of the two theories into the entire set of instructions. It is apparent from reading the statement of facts and the addendum to the statement of facts that the trial court rejected the plaintiff's theory in total, and would not have accepted any instruction which expounded that position, regardless of how counsel had articulated her position. Our prior decisions did indicate that future revision of the law was imminent, yet those decisions did not specify precisely what that change would be. Therefore, the plaintiff attempted to formulate what he believed to be a proper instruction on the theory of reasonable care under the circumstances in light of this court's opinions, the decisions from other jurisdictions, and the works of various legal writers. It would be unreasonable to deny her the fruits of her labor merely because the change we ultimately decided upon was not identical to that proposed. To impose such a burden upon attorneys could only serve to stifle original and progressive thought. We have not chosen to do so in

the past and we will not do so now. *See Miller v. Kennedy,* 85 Wn.2d 151, 530 P.2d 334 (1974).

In conclusion, we adopt the Restatement (Second) of Torts § 342, *supra,* and insofar as *Steele v. Thorne,* 72 Wn.2d 714, 435 P.2d 544 (1967), is inconsistent with this holding, it is hereby overruled.

The judgment entered upon the verdict is reversed and the cause is remanded for a new trial pursuant to this opinion.

STAFFORD, C.J., and FINLEY, ROSELLINI, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

HOROWITZ, J. (concurring)—I agree the assignments of error directed to instructions given embodying the willful, wanton injury rule are reviewable. I also agree we should now adopt as the correct rule of liability of a possessor of land, the rule as formulated in Restatement (Second) of Torts § 342 (1965). To avoid any misunderstanding on issue of reviewability, something further should be briefly stated.

Defendants contend the errors assigned are not reviewable (1) because no exceptions were taken to the instructions given and (2) because plaintiff's proposed instruction No. 2, was an incorrect statement of the reasonable care rule with respect to licensees for which plaintiff contended. The apparent basis for the latter contention is the proposed instruction required both a duty to warn of the dangerous condition on the premises *and* a duty to use reasonable care to maintain those premises in a reasonably safe condition. The duty is, however, in the alternative only. *See* Restatement (Second) of Torts § 342 (1965); *Miniken v. Carr,* 71 Wn.2d 325, 329, 428 P.2d 716 (1967) ("the condition must either be repaired or warning given.")

If the sole error assigned had been the court's refusal to give proposed instruction No. 2, the assignment would not have been well taken because the court was clearly correct in refusing to give that instruction even on plaintiff's own theory. A court does not err in refusing to give an incorrect

instruction. *Provins v. Bevis*, 70 Wn.2d 131, 422 P.2d 505 (1967); *Robillard v. Selah-Moxee Irrigation Dist.*, 54 Wn.2d 582, 343 P.2d 565 (1959); *Knight v. Pang*, 32 Wn.2d 217, 201 P.2d 198 (1948). Indeed, had the court given the erroneous instruction requested, defendants might properly have assigned error thereto, claiming prejudice.

Here, however, although there was a literal failure to comply with CR 51(f) in not taking formal exceptions to the instruction given, nevertheless, that fact must be viewed in context. The parties had already discussed in some detail with the court the plaintiff's reason for contending the willful, wanton injury rule then prevailing should be abandoned and the reasonable care rule as set forth in Restatement (Second) of Torts § 342 (1965) should be the rule to apply. When, therefore, the court asked if any party intended to take exceptions, the court then knew the plaintiff's position. Furthermore, when plaintiff took his exceptions to the failure to give proposed instruction No. 2, it was apparent that plaintiff had not abandoned his position that the willful, wanton injury rule should be displaced by the reasonable care rule. Plaintiff's counsel stated:

> once the plaintiff shows evidence of a dangerous condition . . . the court then should instruct, not on wanton misconduct, but on reasonable conduct under the circumstances, so plaintiff thus takes exception to the court's failure to adopt that theory. We have cited the cases of *Miniken v. Carr* and *Maher v. Voss*, which we believe incorporates the theory I have just previously discussed.

*Miniken v. Carr, supra*, to which counsel referred, was intended to incorporate the theory "previously discussed." *Miniken v. Carr* which cited Restatement (Second) of Torts § 342 (1965), made it plain the duty to warn was an alternative to the duty to use reasonable care to maintain the premises in a reasonably safe condition. The court therefore had an opportunity to correct the instructions he intended to give, even though he was not required to give

proposed instruction No. 2 in the form submitted. The error was accordingly reviewable.

UTTER and BRACHTENBACH, JJ., concur with HOROWITZ, J.