[No. 3120–2.   Division Two.   August 27, 1979.]

Henrietta Daly, et al, *Appellants*, v. Walter Lynch, et al, *Respondents*.

*Norman L. Winn,* for appellants.

*F. R. Burgess,* for respondents.

SOULE, J.—This is a negligence action in which plaintiffs brought suit to recover damages for the injury sustained by the plaintiff–wife while a guest in the home of the defendants. The jury entered a verdict for the defendants and the plaintiffs appeal. Three issues are raised by plaintiffs on appeal: (1) whether the trial court properly instructed the jury on the standard of care owed to a licensee by a possessor of land; (2) whether the trial court erred in refusing to give an additional instruction defining proximate cause after the jurors had begun to deliberate; and (3) whether the trial court erred in denying plaintiffs' motion for a new trial. In their brief defendants respond to the issues raised

by plaintiffs and also assign error to the trial court's refusal to grant their motion to dismiss. We affirm the decision of the trial court in all respects and sustain the jury verdict entered in favor of the defendants.

On March 23, 1975, the plaintiff–wife, Henrietta Daly, was visiting the home of her sister, Dorothy Lynch. Mrs. Daly and her husband had spent the previous night with her sister and brother–in–law as they had numerous times in the past 22 years. Mrs. Daly went into the bedroom where she had slept the previous night to retrieve change from her purse that was on the dresser. As she turned around, her foot caught in the corner of one of the chenille bedspreads covering the beds in the room, and she fell backward upon her hand. The fall was broken by her outstretched fingers, and the plaintiff–wife received serious injury to her hand as a result of the accident.

The plaintiffs sued Mr. and Mrs. Lynch, claiming that the bedspread created a hazardous condition that caused the injury to the plaintiff–wife. At the time of the injury, Mrs. Lynch had temporarily covered the guest beds with the chenille bedspreads, whose corners draped onto the floor, while the taffeta spreads, which normally cover the beds and do not fall upon the floor when the beds are made, were being cleaned. Although the taffeta spreads had been on the beds when the Dalys visited in the past, the chenille spreads were on the beds on March 22 when Mrs. Daly slept in the room. Evidence was presented that Mrs. Daly helped her sister make the beds on the morning of March 23, and that approximately 2 weeks before the injury took place Mrs. Lynch had tucked the corners of the chenille bedspreads inside the beds because she feared that an infirm elderly visitor would trip upon them. Mrs. Lynch testified that with respect to the potential danger, she recognized none at that time apart from the fact that her aunt was elderly, about 80 years old. Mrs. Daly testified that upon discovering the injury Mrs. Lynch exclaimed that she

should have tucked the corners up again.[1] The jury found by special verdict that the defendants were negligent but that their negligence was not the proximate cause of the plaintiff–wife's injury.

Plaintiffs first take issue with the instructions given by the trial court concerning the standard of care owed to a licensee by the possessor of land. Specifically, plaintiffs assert that instructions Nos. 13 and 15 were improper and that the trial court erred in refusing to give their proposed instruction No. 21.

Instruction No. 13[2] states that all persons have a duty to exercise reasonable care to avoid danger. This instruction is a correct statement of the law. Every person has a duty to look out for his own safety and to use a degree of care which a "reasonably prudent person of ordinary intelligence would exercise under like or similar circumstances." *Smith v. Mannings, Inc.*, 13 Wn.2d 573, 577, 126 P.2d 44 (1942). *Accord, Impero v. Whatcom County*, 71

---

[1]Mrs. Lynch did not admit to making this statement, nor did she directly deny it. That this statement, if made, was more likely an expression of concern arising from the exercise of 20–20 hindsight than an admission of fault is evident from the testimony of Mrs. Lynch given when called to the stand as a witness for plaintiffs. She testified on direct examination concerning the potential danger as it appeared to her:

Q. And, the bedspreads could have been tucked under easily if you decided to do that?

A. If I would have even thought about it. If I thought that there was any danger, certainly.

Q. But, at the time that the Dalys were there, apparently you didn't realize the danger.

A. Heavens no.

Q. Okay.

A. Who would.

. . .

Q. . . . . Now, after the accident happened with Mrs. Daly, after that time you did, in fact, tuck up the bedspread until your new bedspread arrived?

A. Certainly. I didn't recognize any danger up until then.

[2]Instruction No. 13 reads as follows:

"You are instructed that the law requires all persons to exercise reasonable care at all times to discover and avoid danger. In meeting this requirement of the law, all persons are required to use their faculties and senses at all times."

Wn.2d 438, 450, 430 P.2d 173 (1967); *Davis v. Bader,* 57 Wn.2d 871, 874, 360 P.2d 352 (1961).

■■ Instruction No. 15[3] provides that possessors of land are not the insurers of the safety of their social guests. This is a proper statement of the law in this state as set forth in *Memel v. Reimer,* 85 Wn.2d 685, 689, 538 P.2d 517 (1975). Plaintiffs argue that this instruction is redundant and confusing in view of the court's instruction No. 14. Instruction No. 14[4] also correctly sets forth the duty owed by a host to a social guest as contained in *Memel v. Reimer, supra,* which approved the language contained in Restatement (Second) of Torts § 342 (1965). When instructions Nos. 14 and 15 are read together they are not redundant, but correctly state the standard of care owed to a licensee. The determination of the number of instructions necessary to present the law to the jury is a matter within the discretion of the trial court. *E.g., Peacock v. Piper,* 81 Wn.2d 731, 739, 504 P.2d 1124 (1973); *Tyler v. Tyler,* 65 Wn.2d 102, 106, 395 P.2d 1021 (1964). Prejudice must be shown to have resulted from the redundant instructions. *E.g., State v.*

---

[3]Instruction No. 15 states:

"The possessor of land is not an insurer of the safety of his social guest. He is not required to prepare a safe place or affirmatively seek out and discover hidden dangers. He is required to exercise reasonable care where there is a known dangerous condition on the property and he can reasonably anticipate that his social guest will not discover or realize the risk. Under those circumstances, he must either make the condition safe or warn his guest of the condition and its inherent risk."

[4]Instruction No. 14 provides:

"You are instructed that at the time of the incident in question the plaintiff wife held the status of a social guest in the home of the defendants.

"A possessor of land is subject to liability for physical harm caused to a social guest by a condition on the land if, but only if,

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such social guest, and should expect that she will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make this condition safe, or to warn the social guest of the condition and the risk involved, and

"(c) the social guest does not know or have reason to know of the condition and the risk involved."

*Bradley,* 20 Wn. App. 340, 344, 581 P.2d 1053 (1978). Since plaintiffs have shown neither abuse of discretion nor prejudice, they cannot assert that instruction No. 15 confused the jury.

Plaintiffs' proposed instruction No. 21[5] states that reasonable care does not require that a person keep one's eyes riveted to the floor. Plaintiffs argue that this instruction is a proper statement of the law as set forth in *Todd v. Harr, Inc.,* 69 Wn.2d 166, 170, 417 P.2d 945 (1966), and that it was error to refuse to give it. This principle from *Todd v. Harr, Inc., supra,* was adequately explained to the jury in instruction No. 16[6]. If an existing instruction properly states the law, a proposed additional instruction need not be given. *E.g., Tyler v. Tyler, supra; Hoffman v. Gamache,* 1 Wn. App. 883, 891, 465 P.2d 203 (1970). We hold that the trial court properly instructed the jury on the standard of care owed by the possessor of land to a licensee.

Plaintiffs next contend that it was error for the trial court to refuse to give an additional instruction defining proximate cause in layman's terms after the jury had begun to deliberate. The court defined proximate cause in instruction No. 11 as follows:

> The term "proximate cause" means a cause which in a direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.

CR 51(i) provides that after deliberation has begun the trial court *may* give jurors additional instructions if they so

---

[5]Plaintiffs' proposed instruction No. 21 reads as follows:

"Prudent care for one's own safety does not entail rigid fixation of one's eyes on the area ahead to keep a constant watch for any danger. Where no danger is apparent, it is sufficient to simply engage in intermittent glances at the path ahead in order to anticipate protruding obstacles, and the law requires no higher duty of care."

[6]Instruction No. 16 states:

"Where there is no reason to anticipate a hazard, reasonable care does not require a person walking in a place provided for that purpose to keep the person's eyes riveted to the floor immediately in front of the person's feet."

request. The granting of further instructions after deliberation has begun, however, rests within the sound discretion of the trial court. *State v. Studebaker,* 67 Wn.2d 980, 987, 410 P.2d 913 (1966). Plaintiffs are unable to show an abuse of that discretion, and the special verdict itself does not demonstrate that the jury misunderstood the meaning of proximate cause. We hold that the trial court did not abuse its discretion in refusing to administer an additional instruction defining proximate cause.

■ Finally, plaintiffs argue that the trial court erred in denying their motion for new trial since the special verdict entered by the jury which found the defendants to be negligent, but that their negligence was not the proximate cause of plaintiff–wife's injury, is contrary to the weight of the evidence. In their brief, plaintiffs allege that there is no evidence in the record to support the finding of an intervening cause which superseded the negligence of the defendants. We disagree. First we note that when reviewing a motion for new trial we consider the evidence in a light most favorable to the nonmoving party, and, if there is substantial evidence to support the verdict of the jury, the verdict must stand. *E.g., Haft v. Northern Pac. Ry.,* 64 Wn.2d 957, 960, 395 P.2d 482 (1964). An order granting or denying a new trial will not be reversed except for abuse of discretion. *Olpinski v. Clement,* 73 Wn.2d 944, 442 P.2d 260 (1968).

■ Proximate cause includes a determination that the negligent conduct of an actor is the cause–in–fact of the injury suffered as well as a determination that the act produced the injury in a natural and continuous sequence unbroken by any new independent cause which supersedes the negligent conduct of the original actor. *E.g., Leach v. Weiss,* 2 Wn. App. 437, 440, 467 P.2d 894 (1970). *See also Maltman v. Sauer,* 84 Wn.2d 975, 981–82, 530 P.2d 254 (1975). The connection between the original negligent action and an injury may be broken by an intervening force which is found to supersede the original negligent act which precludes the original act from being the proximate cause

of the injury. *E.g., Maltman v. Sauer, supra* at 982; *Mehrer v. Easterling,* 71 Wn.2d 104, 109, 426 P.2d 843 (1967). However, generally it is for the trier of fact to determine whether an intervening act breaks the causal connection between defendant's negligence and the plaintiff's injury. *Maltman v. Sauer, supra; Berglund v. Spokane County,* 4 Wn.2d 309, 321–22, 103 P.2d 355 (1940); *Smith v. Acme Paving Co.,* 16 Wn. App. 389, 396, 558 P.2d 811 (1976). Plaintiff has cited no authority which requires the issue to be resolved as a matter of law in contravention of the general rule.

Although we have doubts about the matter, we will assume for the moment that sufficient evidence exists in the record to support the jury's finding that the defendants breached the duty of care owed to their guest by failing to exercise due care to correct a condition known to be dangerous. However, when the evidence is viewed most favorably to the defendants, sufficient evidence also exists to support the determination that the plaintiff–wife's own failure to exercise reasonable care to avoid a danger known to her was an independent, as contrasted with a concurring, cause of her injury which broke the chain of causation set in motion by defendant's negligence. This is especially true since the plaintiff–wife likewise did not tuck in the corners of the spreads. Thus, she actively assisted in the creation of the hazardous condition when she helped her sister make the beds. We hold that the trial court did not err in refusing to grant plaintiffs' new trial motion, and that the special verdict is supported by substantial evidence.

■ Another basis exists for upholding the result in the court below. As noted in W. Prosser, *The Law of Torts* § 30, at 143 (4th ed. 1971), a necessary element of a cause of action for negligence is "A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks." Plaintiff purports to find that duty and standard of conduct in *Memel v. Reimer, supra,* which

adopts the following standard established by Restatement (Second) of Torts § 342, at 210 (1965):

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved.

The major premise underlying section 342 is the assumption that the possessor of the premises has or should have superior knowledge of the condition and risk. *Cf. Sprague v. Riley,* 427 S.W.2d 263, 266 (Mo. App. 1968).

Factually, *Memel* is distinguishable. In that case, the critical condition inhered in the premises and the guest had no part of its creation. In the case before us, the plaintiff and defendant jointly and actively created the single condition which plaintiff now claims was the unreasonable hazard against which she should have been warned or protected. Because she assisted in placing the bedspread without tucking up the excess material, plaintiff had as much opportunity for knowledge of the condition as did the defendant. She had equal reason to know of the condition. It is not contended that the bedspread was defective in and of itself. The condition complained of arose only because of the way in which it was placed on the bed by the joint action of the parties. Likewise, because of the joint activity, defendant was entitled to assume that the plaintiff had equal knowledge. The conditions required by *Memel v. Reimer, supra,* based upon the Restatement (Second) of Torts § 342 (a) and (c), *supra,* did not exist. Therefore, the duty did not exist upon which a cause of action can properly be based. It is as if the plaintiff in *Memel* had assisted in installing the basement door and thereafter entered

through it and fell. Under such circumstances, no action would lie because no duty had been breached.

The judgment entered in favor of the defendants is affirmed.

REED, A.C.J., and PETRIE, J., concur.